## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**YASMEEN WINSTON**
1000 SW 62nd Blvd., Apt. 1623
Gainesville, FL 32607

**and**

**INDIA JOHNSON,**
350 Anacostia Rd., G44 SE
Washington, DC 20019

                **Plaintiffs,**

**v.**

**ACTING CHIEF GREGORY T. MONAHAN**
Individually and as a former employee of the
United States Park Police
1100 Ohio Drive SW
Washington, DC 20242

**and**

**CHIEF JESSICA TAYLOR**
Individually and as an employee of the
United States Park Police
1100 Ohio Drive SW
Washington, DC 20242

**and**

**DIRECTOR JAMES M. MURRAY**
Individually and as a former employee of the
United States Secret Service
950 H Street NW, Suite 7800
Washington, DC 20233

**and**

**DIRECTOR KIMBERLY A. CHEATLE**
Individually and as an employee of the
United States Secret Service
950 H Street NW, Suite 7800
Washington, DC 20233

**CASE NO.**_____

**JURY TRIAL DEMANDED**

**and**

**UNITED STATES PARK POLICE**
<u>Serve:</u>
Chief Jessica Taylor
United States Park Police
1100 Ohio Drive SW
Washington, DC 20024

**and**

**UNITED STATES SECRET SERVICE**
**of the Department of Homeland Security**
<u>Serve:</u>
Thomas F. Huse, Esq.
U.S. Secret Service
245 Murray Lane SW, Building T–5
Washington, DC 20223

**and**

**OFFICER D. MITCHELL (Badge Number**
**Unknown)**
Individually and as an employee of the
United States Secret Service
950 H Street NW, Suite 7800
Washington, DC 20233

**and**

**OFFICER J. ARMSTRONG (Badge Number**
**2224)**
Individually and as an employee of the
United States Secret Service
950 H Street NW, Suite 7800
Washington, DC 20233

**and**

**OFFICER J. RUSTIN (Badge Number 2182)**
Individually and as an employee of the
United States Secret Service
950 H Street NW, Suite 7800
Washington, DC 20233

**and**

**OFFICER J. THORNTON (Badge Number 2221)**
Individually and as an employee of the
United States Secret Service
950 H Street NW, Suite 7800
Washington, DC 20233

**and**

**UNITED STATES SECRET SERVICE OFFICERS DOE 1-10**
Individually and as employees of the
United States Secret Service
950 H Street NW, Suite 7800
Washington, DC 20233

**and**

**UNITED STATES PARK POLICE OFFICERS DOE 1-10**
Individually and as employees of the
United States Park Police
1100 Ohio Drive SW
Washington, DC 20242,

                          **Defendants.**

## COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs Yasmeen Winston and India Johnson, by and through their attorneys Timothy F. Maloney, Esq., Drew LaFramboise, Esq., Bridget Cardinale, Esq., and Joseph, Greenwald & Laake, P.A., and for cause sue the Defendants Acting Chief Gregory T. Monahan, Chief Jessica Taylor, Director James M. Murray, Director Kimberly A. Cheatle, United States Park Police, United States Secret Service, Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, United States Secret Service Officers Doe 1-10, and United States Park Police Officers Doe 1-10, claim damages, demand judgment, and in support thereof, state as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Yasmeen Winston is an adult resident of the State of Florida.

2.      Plaintiff India Johnson is an adult resident of the District of Columbia.

3.      Defendant United States Park Police is a unit of the National Park Service with jurisdiction in all Federal parks, and its officers investigate and detain persons suspected of committing offenses against the United States.[1]

4.      Defendant United States Secret Service of the Department of Homeland Security ("U.S. Secret Service") is and was at all relevant times the federal agency responsible for providing security for the former and current Presidents of the United States, the Vice President, the president-elect and vice president-elect, the immediate family members of the aforementioned individuals, major presidential and vice presidential candidates, certain visiting officials of foreign states or governments, certain senior federal officials or individuals as designated per Executive Order of the President, and National Special Security Events when designated by the Secretary of the Department of Homeland Security.[2]

5.      Defendant Gregory T. Monahan was at all relevant times the Acting Chief of the United States Park Police and an employee and agent of the United States Park Police.

6.      Defendant Jessica Taylor is the current Chief of the United States Park Police and an employee and agent of the United States Park Police.

7.      Defendant James M. Murray was at all relevant times the Director of the United States Secret Service and an employee and agent of the United States Secret Service.

---

[1] National Park Service, *United States Park Police*, nps.gov/subjects/uspp/index.htm.

[2] United States Secret Service, *Frequently Asked Questions About Us*, secretservice.gov/faq/general.

8.      Defendant Kimberly A. Cheatle is the current Director of the United States Secret Service and an employee and agent of the United States Secret Service.

9.      Defendant D. Mitchell (badge number unknown) was at all relevant times an Officer of the United States Secret Service and an employee and agent of the United States Secret Service. At all times relevant hereto, Defendant D. Mitchell was acting under color of law.

10.      Defendant J. Armstrong (badge number 2224) was at all relevant times an Officer of the United States Secret Service and an employee and agent of the United States Secret Service.  At all times relevant hereto Defendant J. Armstrong was acting under color of law.

11.      Defendant J. Rustin (badge number 2182) was at all relevant times an Officer of the United States Secret Service and an employee and agent of the United States Secret Service. At all times relevant hereto, Defendant J. Rustin was acting under color of law.

12.      Defendant J. Thornton (badge number 2221) was at all relevant times an Officer of the United States Secret Service and an employee and agent of the United States Secret Service.  At all times relevant hereto, Defendant J. Thornton was acting under color of law.

13.      Defendants United States Secret Service Officers Doe 1-10 are individual agents and employees of the United States Secret Service who were involved in the facts and events alleged herein.  At all times relevant hereto, these Defendants were acting under color of law. Plaintiffs have been unable to ascertain the identities of these Defendants in advance of the filing of this action.

14.      Defendants United States Park Police Officers Doe 1-10 are individual agents and employees of the United States Park Police who were involved in the facts and events alleged herein.  At all times relevant hereto, these Defendants were acting under color of law.  Plaintiffs

have been unable to ascertain the identities of these Defendants in advance of the filing of this action.

15.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1)-(2).

17.     On April 29, 2022, Plaintiffs gave notice of their claims against the agents and employees of the United States Park Police via letter correspondence to former U.S. Park Police Chief Pamela Smith, in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2675.  This correspondence was served upon and received by former Chief Pamela Smith via Federal Express delivery on April 29, 2022 at 10:52 a.m.

18.     On May 2, 2022, Plaintiffs gave notice of their claims against the agents and employees of the United States Secret Service via letter correspondence to former U.S. Secret Service Director James M. Murray, in accordance with the Federal Tort Claims Act, 28 U.S.C. § 2675.  This correspondence was served upon and received by former Director James M. Murray via Federal Express delivery on May 2, 2022 at 9:53 a.m.

**FACTUAL ALLEGATIONS**

19.     On July 30, 2020, Plaintiffs Yasmeen Winston and India Johnson took their infant children to the National Mall in the District of Columbia to see the reflecting pool, monuments, and fountains.

20.     Ms. Johnson parked her personal vehicle in a lawful parking space on Constitution Avenue near 17th Street, Northwest.  Ms. Johnson and Ms. Winston planned to

walk from that location to the World War II Memorial, where the children could play in the fountain.

21.     Ms. Winston was seated in the passenger seat of the vehicle.  Ms. Johnson's son, aged one year, and Ms. Winston's son, aged six months, were sitting in the backseat in car seats. Plaintiffs had not engaged in any unlawful conduct or suspicious behavior.  They were simply preparing to take their young children to enjoy the fountain in the warm weather.

22.     Ms. Winston and Ms. Johnson were preparing to exit the vehicle when they heard a loud noise and felt a powerful jolt.  To their shock, a marked United States Secret Service cruiser had crossed Constitution Avenue and deliberately and violently rammed the front driver side of Ms. Johnson's vehicle.

23.     The Secret Service cruiser in question was operated by Defendant Officer D. Mitchell.  Defendant Officer J. Armstrong was seated in the front passenger seat.

24.     After striking Ms. Johnson's vehicle, Defendants Mitchell and Armstrong quickly exited their vehicle with guns drawn.

25.     Defendant Mitchell approached the vehicle and aimed a rifle at both women and their infant children.  Plaintiffs feared for their lives and the lives of their children.

26.     Defendant Mitchell screamed at the Plaintiffs, directing them to "get out one by one and put your hands in the air."

27.     By this point, other officers surrounded the vehicle with guns drawn, including Defendant Officer J. Rustin, Defendant Officer J. Thornton, and Defendants United States Secret Service Officers Doe 1-10.  Officers pointed guns at the back and side of the car, where the children were seated.

28.     Ms. Johnson complied with Defendant Mitchell's instructions and exited the driver's side of her vehicle with her hands up.

29.     Upon exiting her vehicle, Ms. Johnson was immediately handcuffed by a United States Secret Service officer.

30.     Ms. Winston remained frozen in the front passenger seat with her hands planted on the ceiling of the car.  She was terrified for herself and her infant child, who was screaming and crying in the backseat.

31.     Defendant Mitchell ran to the passenger side of the vehicle and pointed his rifle directly at the right side of Ms. Winston's face.  He screamed at Ms. Winston to "unlock the door!"

32.     Ms. Winston pleaded with Defendant Mitchell, "Don't shoot my baby!"  Ms. Winston thought that she and her child were about to die.

33.     Despite her fear, she complied with Defendant Mitchell's instruction and unlocked the door.  Defendant Mitchell continued pointing the rifle inches from Ms. Winston's face as she exited the vehicle with her hands up.

34.     Defendant Mitchell physically restrained and handcuffed Ms. Winston.

35.     Defendant Rustin walked Ms. Johnson and Ms. Winston, both handcuffed, approximately 30-40 feet away from the vehicle.  The infant children remained alone in the hot vehicle, crying hysterically for their mothers.

36.     An unidentified female U.S. Secret Service Officer frisked and patted down both Ms. Johnson and Ms. Winston.

37.     At or around this time, Defendants United States Park Police Officers Doe 1-10 arrived at the scene and provided support to the U.S. Secret Service officers in detaining the Plaintiffs.

38.     Bystanders gathered around the scene and began filming the conduct of the officers.  The officers angrily and aggressively told the bystanders to stop filming, without any legal authority to do so.

39.     The officers contacted emergency medical services to report to the scene and assess the condition of Ms. Winston and Ms. Johnson's children.  Ms. Winston and Ms. Johnson would remain detained and kept away from their infant children for the better part of an hour.

40.     While they were being detained, Ms. Johnson was informed by an unknown U.S. Secret Service officer that they were being detained because the Secret Service was investigating a stolen vehicle and looking for two black males.  Ms. Johnson and Ms. Winston did not meet that description.

41.     The U.S. Secret Service Officers never told Ms. Johnson or Ms. Winston that they were under arrest nor the basis for their detention.

42.     The U.S. Secret Service Officers never gave Ms. Johnson or Ms. Winston a Miranda Warning.

43.     While they were being detained, Ms. Johnson and Ms. Winston were kept about 30-40 feet away from the vehicle where their children were located.  Despite Ms. Johnson and Ms. Winston's pleading to be closer to their children, U.S. Secret Service Officers did not move them closer to the children until about 30 minutes later, where they remained detained.

44.     U.S. Secret Service Officers refused Ms. Winston's request to breastfeed her son.

45.     Ms. Winston and Ms. Johnson could hear and see their children crying throughout the time they were detained.

46.     While they were being detained, an unknown U.S. Secret Service officer searched the entire contents of Ms. Johnson's vehicle.  Ms. Johnson never gave the United States Secret Service permission to search her vehicle.

47.     The U.S. Secret Service did not have a warrant to search Ms. Johnson's vehicle, nor did they have any legal justification to do so.  The U.S. Secret Service did not have probable cause to search Ms. Johnson's vehicle, nor were there any exigent circumstances justifying such a search.

48.     Defendant Rustin demanded that Ms. Johnson show proof of her ownership of the car, which she provided with the title and car registration.  These items were never returned to Ms. Johnson.

49.     While they were being detained, U.S. Secret Service Officers attempted to remove the dent they caused on Ms. Johnson's vehicle, without Ms. Johnson's consent and without first taking photographs or otherwise memorializing the damage done to the vehicle.

50.     After approximately an hour, Ms. Johnson and Ms. Winston were released from detention and reunited with their terrified children.

51.     An ambulance transported them to Howard University Hospital for examination.  After they were released from the hospital, they got a ride back to Constitution Avenue to retrieve the vehicle.

52.     When they returned to the scene to recover Ms. Johnson's vehicle, a marked U.S. Secret Service vehicle shone its floodlight on the women in a harassing and intimidating manner.

53.     The conduct of the Defendants, as alleged above, violated the Plaintiffs' constitutional right to be free from excessive force.

54.     The conduct of the Defendants, as alleged above, violated the Plaintiffs' constitutional right to be free from unreasonable search and seizure.

55.     As a direct and proximate result of the unconstitutional and tortious actions of the Defendants, as set forth above, the Plaintiffs, and each of them, were caused to experience fear, terror, unwanted physical touching, threats of immediate and fatal injury, an invasion of their person, harassment, and an invasion and taking of their personal property.

56.     As a direct and proximate result of the unconstitutional and tortious actions of the Defendants, as set forth above, the Plaintiffs, and each of them, suffered physical, emotional, psychological, and mental injuries which continue through today.

57.     To this day, the U.S. Secret Service has not explained publicly why its employees and agents engaged in this conduct.

58.     The U.S. Secret Service has failed to respond to properly-served Freedom of Information Act (FOIA) requests concerning this incident, in violation of their obligations under 5 U.S.C. § 552.  The U.S. Secret Service has also blatantly ignored a letter from the United States House of Representatives Committee on Oversight and Reform, sent September 4, 2020, requesting information concerning this matter.

59.     The actions of the employees and agents of the United States Park Police, alleged herein, are consistent with their well-documented pattern and practice of unconstitutional violations, including excessive force and unlawful arrests.

60.     For example, in 2022, a D.C. man filed a lawsuit against the United States Park Police after officers—without any apparent reason—chased him on his walk home a park, tased

11

him, arrested him, and detained him overnight.  News coverage of this incident noted that "Park Police Officers have come under scrutiny for arrest tactics and use of force in the past[.]"  Sarah Y. Kim, *D.C. Man Files $1 Million Lawsuit After 'Bizarre' Arrest by Park Police*, DCIST (Sept. 30, 2022), https://dcist.com/story/22/09/30/dc-man-sues-park-police-after-arrest/.

61.     By way of another example, a since retired Secret Service agent brought suit against the United States Park Police officers after they pointed a gun at him while he was waiting in his parked car, screamed at him, and detained him for about an hour.  Elisha Fieldstadt, *Judge refuses to dismiss Secret Service agent's suit alleging he was detained because he is black*, NBC NEWS (June 13, 2019), https://www.nbcnews.com/news/us-news/judge-refuses-dismiss-secret-service-agent-s-suit-alleging-he-n1017126.  The U.S. Court of Appeals for the Fourth Circuit affirmed the jury verdict awarding the plaintiff compensatory and punitive damages.  Steve Lash, *4th Circuit upholds $730K award to Black Secret Service agent illegal detained in Md.*, THE DAILY RECORD (Mar. 29, 2023),https://thedailyrecord.com/2023/03/29/4th-circuit-upholds-730k-award-to-black-secret-service-agent-illegally-detained-in-md/.

62.     The actions of the agents and employees of the United States Secret Service, alleged herein, are consistent with their well-documented pattern and practice of unconstitutional violations, including excessive force and wrongful arrests.

63.     For example, two individuals brought suit against the United States Secret Service for alleged constitutional violations after officers arrested them because of the t-shirts they were wearing at the time.  *See* Press Release, ACLU, Secret Service and White House Charged with Violating Free Speech Rights in ACLU, (Sept. 14, 2004), http://aclu.org/press-releases/secret-service-and-white-house-charged-violating-free-speech-rights-aclu-lawsuit.

64.     By way of another example, a man filed suit against the Secret Service for violations of free speech and illegal search and seizure after he was arrested for denouncing the Iraq war to former Vice President Dick Cheney.  *See* Kirk Johnson, *Man Sues Secret Service Agent Over Arrest Approach Cheney and Denouncing War*, NY TIMES, (Oct. 4, 2006), https://www.nytimes.com/2006/10/04/washington/04cheney.html.

65.     Both the United States Park Police and United States Secret Service are currently facing multiple lawsuits for their alleged constitutional violations against peaceful protestors gathered in Washington, D.C. in support of the Black Lives Matter movement on June 1, 2020. *See* Jack Hibbard, et al., *Case:* Black Lives Matter D.C. v. Trump, CIVIL RIGHTS LITIGATION CLEARINGHOUSE, http://clearinghouse.net/case/17593 (last accessed July 13, 2023).

66.     Defendants' policies, customs, and practices permit their agents to act, under of the color of law, in violation of persons' rights under the United States Constitution, including through the use of excessive force and unreasonable search and seizure.

67.     The United States Park Police and United States Secret Service have failed to adequately train their agents in the use of force to meet minimum constitutional standards.

68.     Defendants' policies and training resulted in an unconstitutional pattern and practice on the use of force and caused the constitutional violations suffered by Ms. Johnson and Ms. Winston, and their resulting damages as alleged herein.

## CAUSES OF ACTION

### COUNT I
### *Bivens* Action
### Excessive Force in Violation of Plaintiffs' Rights under the Fourth Amendment to the United States Constitution
### (Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, and Officer J. Thornton, United States Secret Service Officer Doe 1-10, and United States Park Police Officer Doe 1-10)

69.     Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

70.     At all times relevant hereto, Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, U.S. Secret Service Officers Doe 1-10, and U.S. Park Police Officers Doe 1-10, and each of them, were persons acting under the color of law.

71.     At all times relevant hereto, Plaintiffs Yasmeen Winston and India Johnson had rights under the Fourth Amendment to the United States Constitution to be free from unreasonable and excessive force.

72.     By unlawfully and intentionally striking the vehicle of Ms. Johnson without justification, the Defendants violated the Plaintiffs' clearly established constitutional rights under the Fourth Amendment to the United States Constitution to be free from excessive force.

73.     By threatening the physical safety and life of the Plaintiffs and their children and by pointing loaded weapons at the Plaintiffs and their children without any legal justification, the Defendants violated the Plaintiffs' clearly established constitutional rights under the Fourth Amendment to the United States Constitution to be free from excessive force.

74.     By detaining the Plaintiffs, physically handcuffing them, and physically restraining them without any legal justification, the Defendants violated the Plaintiffs' clearly

established constitutional rights under the Fourth Amendment to the United States Constitution to be free from excessive force.

75.     As alleged herein, all actions by Defendants were objectively unreasonable, excessive, and without any lawful justification or excuse.

76.     The Defendants' actions, alleged herein, give rise to a cause of action and civil remedy under *Bivens v. Six Unknown Named Agents*.

77.     This case does not present a new context that is meaningfully different from the existing scope of remedies under *Bivens*, as *Bivens* has been applied to Fourth Amendment claims arising from federal agents' use of excessive force during detentions and arrests, including in the context of a traffic stop.

78.     The actions by Defendants alleged herein did not involve a national security concern that would weigh against extending a *Bivens* remedy to the Plaintiffs, nor would this *Bivens* action interfere with the functioning of the Executive Branch.

79.     At all times relevant hereto, the Defendants' unconstitutional acts, as alleged above, were carried out by the Defendants acting under color of law.

80.     Defendants subjected Plaintiffs to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiffs' civil rights would be violated by their actions.

81.     Defendants' acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiffs' constitutional rights.

82.     The actions of D. Mitchell and J. Armstrong in intentionally, wantonly, willfully, and maliciously ramming the Ms. Johnson's vehicle and threatening the life and safety of Ms. Johnson, Ms. Winston, and their infant children subjects these Defendants to punitive damages.

83.     As a direct and proximate result of Defendants' acts and omissions alleged herein, Plaintiffs have each suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, fear, humiliation, and loss of dignity.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, United States Secret Service Officers Doe 1-10, and United States Park Police Officers Doe 1-10, jointly and severally, in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, punitive damages against Defendants D. Mitchell and J. Armstrong, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
### *Bivens* Action
**Unreasonable Search and Seizure in Violation of Plaintiffs' Rights under the Fourth Amendment to the United States Constitution**
**(Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, and Officer J. Thornton, United States Secret Service Officers Doe 1-10, and United States Park Police Officers Doe 1-10)**

84.     Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

85.     At all times relevant hereto, Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, U.S. Secret Service Officers Doe 1-10, and

U.S. Park Police Officers Doe 1-10, and each of them, were persons acting under the color of law.

86.     At all times relevant hereto, Plaintiffs Yasmeen Winston and India Johnson had rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure, to their ability to exercise their free will and domain over their persons, and to bodily integrity and personal security.

87.     By arresting the Plaintiffs, physically handcuffing them, detaining them, frisking them, and restraining Plaintiffs away from their infant children, the Defendants violated the Plaintiffs' clearly established constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure.

88.     By searching the entire contents of Plaintiff Johnson's vehicle without her permission, a warrant, any exigent circumstances or other legal justification, the Defendants violated the Plaintiff Johnson's clearly established constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure.

89.     By confiscating the title and registration to Plaintiff Johnson's vehicle without permission, a warrant or any legal justification, the Defendants violated the Plaintiff Johnson's clearly established constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable search and seizure.

90.     As alleged herein, all actions by Defendants were objectively unreasonable, without provocation, and without any lawful justification or excuse.

91.     The Defendants' actions, alleged herein, give rise to a cause of action and civil remedy under *Bivens v. Six Unknown Named Agents*.

92.     This case does not present a new context that is meaningfully different from the existing scope of remedies under *Bivens*, as *Bivens* has been applied to Fourth Amendment claims arising from federal agents' unlawful and unreasonable searches and seizures of persons and property during traffic stops.

93.     The actions by Defendants alleged herein did not involve a national security concern that would weigh against extending a *Bivens* remedy to the Plaintiffs, nor would this *Bivens* action interfere with the functioning of the Executive Branch.

94.     At all times relevant hereto, the unconstitutional acts and omissions, as alleged above, were carried out by the Defendants acting under color of law.

95.     Defendants subjected Plaintiffs to these deprivations of civil rights maliciously and with reckless disregard for or with deliberate indifference to whether Plaintiffs' civil rights would be violated by their actions.

96.     Defendants' acts and omissions as alleged herein were intentional, wanton, willful, malicious, and were done with a blatant and reckless disregard for Plaintiffs' constitutional rights.

97.     In committing the foregoing acts, the Defendants were not acting in objectively reasonable reliance on existent law.

98.     As a direct and proximate result of Defendants' acts and omissions alleged herein, Plaintiffs have each suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, fear, humiliation, and loss of dignity.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton,

United States Secret Service Officers Doe 1-10, and United States Park Police Officers Doe 1-10, jointly and severally, in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III
### Negligent Training/Supervision/Retention
### (Defendants Acting Chief Gregory T. Monahan and Chief Jessica Taylor)

99.     Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

100.     Defendant Acting Chief Gregory T. Monahan and Defendant Chief Jessica Taylor, at all times relevant hereto, was or is responsible for establishing, implementing, and/or approving standards, policies, practices, and training governing their agents' interactions with the public and use of force.

101.     Defendant Monahan and Defendant Taylor was or is responsible for training, supervising, and retaining United States Park Police Officers, including Defendants United States Park Police Officers Doe 1-10.

102.     Defendants Monahan and Taylor owed Plaintiffs a duty to train, supervise, and retain competent employees of the United States Park Police, including Defendants United States Park Police Officers Doe 1-10.

103.     Defendants Monahan and Taylor breached their duty to train, supervise, and retain competent employees, including Defendants United States Park Police Officers Doe 1-10.

104.     Specifically, the use of force and violations of Plaintiffs' civil rights by Defendants Monahan and Taylor's employees and agents, including but not limited to

Defendants United States Park Police Officers Doe 1-10, as alleged herein, rendered such employees and agents incompetent to provide law enforcement services.

105.    Under the leadership of Defendants Monahan and Taylor, the United States Park Police engaged in a pattern and practice of using excessive force against citizens and violating their constitutional rights.

106.    Defendants Monahan and Taylor knew, or should have known, of such pattern and practice by the United States Park Police, but failed to investigate it or take other sufficient action in response to it.

107.    Defendants Monahan and Taylor breached their duties to retain competent employees, including Defendants United States Park Police Officers Doe 1-10, when said employees persisted in a known pattern and practice of constitutional violations, but they failed to sufficiently terminate and/or terminate such employees in response.

108.    Defendants Monahan and Taylor breached their duties to train and supervise when they were aware of the ongoing pattern and practice of constitutional violations by his employees, including Defendants United States Park Police Officers Doe 1-10, but nonetheless failed to provide sufficient training and failed to provide sufficient supervision.

109.    Defendants Monahan and Taylor failed to train or negligently trained their employees, including Defendants United States Park Police Officers Doe 1-10, in lawful manners of investigation, arrest, use of force, and search and seizure.

110.    By failing to use reasonable care in supervising, retaining, and training their employees, including Defendants United States Park Police Officers Doe 1-10, the harm alleged herein was foreseeable and highly likely.

111.    As a direct and proximate result of Defendants Monahan and Taylor's negligence in training, supervising, and retaining Defendants United States Park Police Officers Doe 1-10, Plaintiffs have each suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, fear, humiliation, and loss of dignity

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendant Gregory T. Monahan and Defendant Jessica Taylor, jointly and severally, in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

### COUNT IV
**Negligent Training/Supervision/Retention**
**(Defendants Director James M. Murray and Director Kimberly A. Cheatle)**

112.    Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

113.    As former and current directors of the United States Secret Service, Defendant Director James M. Murray and Director Kimberly A. Cheatle had or have a duty to establish, implement, and/or approve standards, policies, practices, and training governing their agents' interactions with the public and use of force.

114.    Defendant Murray and Defendant Cheatle were responsible for training, supervising, and retaining United States Secret Service Officers, including Defendants Mitchell, Armstrong, Rustin, Thornton and U.S. Secret Service Officers Doe 1-10.

115.    Defendant Murray and Defendant Cheatle owed Plaintiffs a duty to train, supervise, and retain competent employees of the United States Secret Service, including Defendants Mitchell, Armstrong, Rustin, Thornton and U.S. Secret Service Officers Doe 1-10.

116.    Defendant Murray and Defendant Cheatle breached their duty to train, supervise, and retain competent employees, including Defendants Mitchell, Armstrong, Rustin, Thornton and U.S. Secret Service Officers Doe 1-10.

117.    Specifically, the use of force and violations of Plaintiffs' civil rights by Defendant Murray and Defendant Cheatle's employees and agents, including but not limited to Defendants Mitchell, Armstrong, Rustin, Thornton and U.S. Secret Service Officers Doe 1-10, as alleged herein, rendered such employees and agents incompetent to provide law enforcement services.

118.    Under the leadership of Defendant Murray and Defendant Cheatle, the United States Secret Service has engaged in a pattern and practice of using excessive force against citizens and violating their constitutional rights.

119.    Defendant Murray and Defendant Cheatle knew, or should have known, of such pattern and practice by the United States Secret Service, but failed to investigate it or take other sufficient action in response to it.

120.    Defendant Murray and Defendant Cheatle breached their duties to retain competent employees, including Defendants Mitchell, Armstrong, Rustin, Thornton, and U.S. Secret Service Officers Doe 1-10, when said employees persisted in a known pattern and practice of constitutional violations, but they failed to sufficiently terminate and/or terminate such employees in response.

121.    Defendant Murray and Defendant Cheatle breached their duties to train and supervise their employees, including Defendants Mitchell, Armstrong, Rustin, Thornton, and

U.S. Secret Service Officers Doe 1-10, when they were aware of the ongoing pattern and practice of constitutional violations by said employees but nonetheless failed to provide sufficient training and failed to provide sufficient supervision.

122.    Defendant Murray and Defendant Cheatle failed to train, or negligently trained, their employees, including Defendants Mitchell, Armstrong, Rustin, Thornton, and U.S. Secret Service Officers Doe 1-10, in lawful manners of investigation, arrest, use of force, and search and seizure.

123.    By failing to use reasonable care in supervising, retaining, and training their employees, including Defendants Mitchell, Armstrong, Rustin, Thornton, and U.S. Secret Service Officers Doe 1-10, the harm alleged herein was foreseeable and highly likely.

124.    As a direct and proximate result of Defendant Murray and Defendant Cheatle's negligence in training, supervising, and retaining Defendants Mitchell, Armstrong, Rustin, Thornton, and U.S. Secret Service Officers Doe 1-10, Plaintiffs have each suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, fear, humiliation, and loss of dignity.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendants James M. Murray and Kimberly A. Cheatle, jointly and severally, in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V
**Unlawful Pattern and Practice of Violating the United States Constitution**
**(Defendant United States Park Police)**

125.    Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

126.    Defendants' conduct, including the deprivation of constitutional rights, represents not a single, isolated, accidental, or peculiar event, but rather occurred in the regular procedures followed by the United States Park Police and constitutes a pattern or practice of such conduct.

127.    Defendant U.S. Park Police adopted customs, practices, and procedures of excessive force, unlawful arrests, and unreasonable search and seizure in a manner that has violated the constitutional rights of the public.

128.    As alleged herein, Defendant U.S. Park Police has repeatedly used physical force against persons without any legal justification which was so excessive that it resulted in their need for medical attention.

129.    As alleged herein, Defendant U.S. Park Police has repeatedly physically handcuffed, physically restrained, and pointed guns at persons without any legal justification.

130.    Defendant U.S. Park Police was aware of these problems and the complaints and suits by those whose constitutional rights were violated as a result of its unlawful pattern and practice.

131.    Based on the repeated and widespread use of excessive force, unlawful arrests, and unreasonable search and seizure, Defendant U.S. Park Police has established customs, practices, and/or policies that failed to supervise and prevent its officers from violating the constitutional rights of its citizens, including rights under the Fourth Amendment of the United States Constitution.

132.    Defendant U.S. Park Police also adopted a policy of inaction in the face of excessive use of force, unlawful arrests, and unreasonable search and seizure.  The failure by Defendant to adopt an effective policy and/or provide adequate training and guidance on conducting investigations and arrests resulted in harm to the Plaintiffs.

133.    As a proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs, Defendant U.S. Park Police deprived Plaintiffs of their rights under the United States Constitution.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendant United States Park Police in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VI
### Unlawful Pattern and Practice of Violating the United States Constitution
### (Defendant United States Secret Service)

134.    Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

135.    Defendants' conduct, including the deprivation of constitutional rights, represents not a single, isolated, accidental, or peculiar event, but rather occurred in the regular procedures followed by the United States Secret Service and constitutes a pattern or practice of such conduct.

136.    Defendant U.S. Secret Service adopted customs, practices, and procedures of excessive force, unlawful arrests, and unreasonable search and seizure in a manner that has violated the constitutional rights of the public.

137.    As alleged herein, Defendant U.S. Secret Service has repeatedly used excessive force against persons without any legal justification and in violation of their constitutional rights.

138.    AS alleged herein, Defendant U.S. Secret Service has repeatedly conducted unlawful arrests and unreasonable search and seizures of persons without any legal justification.

139.    Defendant U.S. Secret Service was aware of these problems and the complaints and suits by those whose constitutional rights were violated as a result of its unlawful pattern and practice.

140.    Based on the repeated and widespread use of excessive force, unlawful arrests, and unreasonable search and seizure, Defendant U.S. Secret Service has established customs, practices, and/or policies that failed to supervise and prevent its officers from violating the constitutional rights of its citizens, including rights under the Fourth Amendment of the United States Constitution.

141.    Defendant U.S. Secret Service also adopted a policy of inaction in the face of excessive use of force, unlawful arrests, and unreasonable search and seizure.  The failure by Defendant to adopt an effective policy and/or provide adequate training and guidance on conducting investigations and arrests resulted in harm to the Plaintiffs.

142.    As a proximate result of the aforesaid acts, omissions, systemic flaws, policies and customs, Defendant U.S. Park Police deprived Plaintiffs of their rights under the United States Constitution.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendant United States Secret Service in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VII
### Intentional Infliction of Emotional Distress
**(Defendants United States Park Police, Acting Chief Gregory T. Monahan, Chief Jessica Taylor, and United States Park Police Officers Doe 1-10)**

143.     Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

144.     On July 30, 2020, Defendants U.S. Park Police Officers Doe 1-10 assaulted Plaintiffs, battered them, falsely imprisoned them, and violated Plaintiffs' constitutional rights through the use of excessive force and illegal search and seizure.

145.     Specifically, Defendants' actions against Plaintiffs include, but are not limited to, drawing guns and pointing guns at Plaintiffs, and detaining Plaintiffs while their infant children were kept away from them and left alone inside a vehicle.

146.     Defendants' conduct was intentional, reckless, and with a deliberate disregard of the high degree of probability that emotional distress would result to Plaintiffs.

147.     The aforesaid conduct by Defendants was extreme and outrageous and beyond the bounds of decency in society.

148.     The aforesaid conduct by Defendants was without legal justification and was undertaken deliberately and with actual malice.

149.     As alleged herein, the Defendants' actions demonstrated ill will, improper motivation or evil purpose.

150.     The Defendants, at all relevant times, were acting as agents of the United States Park Police.

151.     The Defendants' actions were taken in the course and scope of their employment with the United States Park Police and in furtherance of that work.

152.    As a direct and proximate result of Defendants' acts and omissions alleged herein, Plaintiffs have each suffered severe emotional distress and continue to experience daily manifestations of their fear, humiliation, trauma, and loss of dignity.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendants United States Park Police, Gregory T. Monahan, Jessica Taylor, and United States Park Police Officers Doe 1-10, jointly and severally, in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VIII
### Intentional Infliction of Emotional Distress
**(Defendants United States Secret Service, Director James M. Murray, Director Kimberly A. Cheatle, Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, and United States Secret Service Officer Doe 1-10)**

153.    Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

154.    On July 30, 2020, Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, and U.S. Secret Service Officers Doe 1-10 assaulted Plaintiffs, battered them, falsely imprisoned them, and violated Plaintiffs' constitutional rights through the use of excessive force and illegal search and seizure.

155.    Specifically, Defendants' actions against Plaintiffs include, but are not limited to, ramming a vehicle into the parked vehicle Plaintiffs were in with their infant children inside, drawing guns and pointing guns at Plaintiffs, and detaining Plaintiffs while their infant children were kept away from them and left alone inside a vehicle.

156.    Defendants' conduct was intentional, reckless, and with a deliberate disregard of the high degree of probability that emotional distress would result to Plaintiffs.

157.    The aforesaid conduct by Defendants was extreme and outrageous and beyond the bounds of decency in society.

158.    The aforesaid conduct by Defendants was without legal justification and was undertaken deliberately and with actual malice.

159.    As alleged herein, the Defendants' actions demonstrated ill will, improper motivation or evil purpose.

160.    The Defendants, at all relevant times, were acting as agents of the United States Secret Service.

161.    The Defendants' actions were taken in the course and scope of their employment with the United States Secret Service and in furtherance of that work.

162.    As a direct and proximate result of Defendants' acts and omissions alleged herein, Plaintiffs have each suffered severe emotional distress and continue to experience daily manifestations of their fear, humiliation, trauma, and loss of dignity.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendants United States Secret Service, James M. Murray, Kimberly A. Cheatle, Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, and United States Secret Service Officer Doe 1-10, jointly and severally, in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

<u>**COUNT IX**</u>

**Negligence**

**(Defendants United States Park Police, Acting Chief Gregory T. Monahan, Chief Jessica
Taylor, and United States Park Police Officers Doe 1-10)**

163.    Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if
fully restated herein.

164.    At all times relevant hereto, Defendants had a duty to exercise reasonable care in
the execution of their law enforcement duties and investigation of a stolen vehicle.

165.    Defendants U.S. Park Police Officers Doe 1-10 breached this standard of care
when they drew and pointed guns at Plaintiffs despite Plaintiffs not meeting the description of
the alleged suspects, and detained and falsely imprisoned Plaintiffs while their infant children
were kept away from them and left alone inside a vehicle.

166.    By the aforesaid conduct, Defendants executed their law enforcement duties in a
grossly negligent manner and/or with malice.

167.    As a direct and proximate result of Defendants' breach of their duties as alleged
herein, Plaintiffs have each suffered profound damages, and will continue to suffer these
damages into the future, including emotional, mental, and psychological distress, fear,
humiliation, and loss of dignity.

168.    The Defendants, at all relevant times, were acting as agents of the United States
Park Police.

169.    The Defendants' actions were taken in the course and scope of their employment
with the United States Park Police and in furtherance of that work.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against
Defendants United States Park Police, Gregory T. Monahan, Jessica Taylor, and United States
Park Police Officers Doe 1-10, jointly and severally, in an amount to be determined at trial but

not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## COUNT X
### Negligence
**(Defendants United States Secret Service, Director James M. Murray, Director Kimberly A. Cheatle, Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, and United States Secret Service Officers Doe 1-10)**

170.    Plaintiffs incorporate each and every foregoing paragraph of this Complaint as if fully restated herein.

171.    At all times relevant hereto, Defendants had a duty to exercise reasonable care in the execution of their law enforcement duties and investigation of a stolen vehicle.

172.    Defendants Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, and U.S. Secret Service Officers Doe 1-10 breached this standard of care when they rammed a vehicle into the parked vehicle Plaintiffs were in with their infant children inside, drew and pointed guns at Plaintiffs despite Plaintiffs not meeting the description of the alleged suspects, and detained and falsely imprisoned Plaintiffs while their infant children were kept away from them and left alone inside a vehicle.

173.    By the aforesaid conduct, Defendants executed their law enforcement duties in a grossly negligent manner and/or with malice.

174.    As a direct and proximate result of Defendants' breach of their duties as alleged herein, Plaintiffs have each suffered profound damages, and will continue to suffer these damages into the future, including emotional, mental, and psychological distress, fear, humiliation, and loss of dignity.

175.     The Defendants, at all relevant times, were acting as agents of the United States Secret Service.

176.     The Defendants' actions were taken in the course and scope of their employment with the United States Secret Service and in furtherance of that work.

WHEREFORE, Plaintiffs Yasmeen Winston and India Johnson demand judgment against Defendants United States Secret Service, James M. Murray, Kimberly A. Cheatle, Officer D. Mitchell, Officer J. Armstrong, Officer J. Rustin, Officer J. Thornton, and United States Secret Service Officer Doe 1-10, jointly and severally, in an amount to be determined at trial but not less than TWO MILLION DOLLARS ($2,000,000), plus interest, the costs of this action, attorneys' fees, and such other and further relief as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiffs demand a jury trial as to all counts so triable.

Respectfully Submitted,

JOSEPH, GREENWALD & LAAKE, P.A.

By:  */s/ Timothy F. Maloney*
Timothy F. Maloney, Esq. (DC Bar No. 416522)
Drew LaFramboise, Esq. (DC Bar No. 1018140)
Bridget Cardinale, Esq. (DC Bar No. 1659052)
6404 Ivy Laney, Suite 400
Greenbelt, Maryland 20770
(301) 220-2200
tmaloney@jgllaw.com
dlaframboise@jgllaw.com
bcardinale@jgllaw.com

*Counsel for Plaintiffs*